JOHN MACK, RELATOR, v. FRANCIS S. POLONKO, RESPONDENT.

Argued May 4, 1937—Decided May 11, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the relator, *Jacob S. Karkus* (*Sam Weiss,* of counsel).

For the respondent, *James I. Bowers.*

The opinion of the court was delivered by

PARKER, J.   Both parties claim the office of president of the council of the borough of Manville, Somerset county. The suit is by a claimant in his own right, as contemplated by section 4 of the *Quo Warranto* act. *Comp. Stat.* (at *p.* 4212).

Section 24 of the Borough act of 1897 (*Pamph. L., p.* 295; *Comp. Stat., p.* 237) provides, in substance, that the council shall elect their president at the annual meeting, and in case they fail to do so, the mayor shall appoint a member of the council as president, and that no confirmation by the council is necessary.

For the facts we turn to the information, the averments of which are of course admitted by the demurrer. It consists largely of extracts from the borough minutes, the correctness of which seems undenied. These indicate that the

organization or annual meeting took place on January 1, as required by statute; that the mayor, who presided, called for nominations for president of the council; that one Kraak was nominated, but that the nomination was not seconded. A few asterisks at this point in the information seem to indicate some discussion or action which we must assume to be irrelevant to the present inquiry; after which "the meeting was adjourned by Mayor Onka." The minutes of that meeting close at this point. There is no indication that the adjournment was to any stated time, or other than a general adjournment of the annual meeting.

The statute provides that the times and places (within the borough) of regular meetings shall be fixed by the council. What was done in this regard does not appear in the case; but the next minutes set out in the information begin: "January 12, 1937. The regular meeting of the Borough Council was held on the above mentioned date," &c. "Mayor Onka at this time stated that the Common Council failed at the organization meeting held on January 1st, 1937, to elect a president of the Common Council, and thereupon, under authority given him by the state law, he appointed Counc. John Mack as president of the common council for the year 1937." Councilman Polonko objected on the ground that the meeting of January 12th "was a continuation of the organization meeting, because a resolution was introduced and seconded and no vote was taken on same * * *." The minutes show a rather heated discussion, and the meeting appears to have broken up after a speech by the mayor.

Next, the minutes as quoted in the information show a special meeting January 14th, and a regular meeting January 26th, ordered continued until February 2d; but the next minutes are those of a meeting February 9th. At this meeting the council undertook to redraft the rules of order; the mayor ordered the meeting adjourned "for lack of quorum;" the council moved from the council chamber to borough hall, and in an apparently stormy session the council adopted new rules of order, calling this meeting "a continuation organization meeting," and respondent Polonko was nominated and

received a majority vote as president of the council. The information avers that Polonko is in possession of that office, and claims that Mack is entitled to it.

We conclude that this claim is well founded. Assuming, but not deciding, that failing an election at the statutory organization meeting, such meeting may be adjourned to a stated time and the adjourned meeting rank as a continuation of the original meeting, which of course is the usual rule, we cannot discern any such adjournment indicated by the minutes, which there is no attempt to contradict, even if they are impeachable. The meeting of January 1st, adjourned, or broke up, without day, and consequently the statutory power of the council to elect a president lapsed, and vested in the mayor. It follows that his appointee, the relator, is entitled to the office, and judgment on the demurrer may be entered in his favor.